## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**JACK BRYANT**, an individual,

             Plaintiff,

v.

**TAXI PRONTO, INC.**, a Florida corporation, A **RIDE2CARE, LLC**, a Florida limited liability company, and **ROMEO HOLLIGAN**, an individual,

             Defendants.

**CIVIL ACTION**

**Case No.  2:20-cv-394**

**Judge:**

**Mag. Judge:**

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JACK BRYANT** ("**BRYANT**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1.    This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Florida law for (1) unpaid overtime in violation of the FLSA, and (2) retaliation in violation of Florida's Whistleblower Act (FWA).

### PARTIES

2.    The Plaintiff, **JACK BRYANT** ("**BRYANT**") is an individual and a resident of Florida who at all material times provided services for the Defendants in Hendry County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with the Defendants. At all material times, **BRYANT** was employed by the Defendants as a driver. **BRYANT**'s duties consisted of customer service, transporting non-emergency medical patients

including residents and out-of-state residents. **BRYANT** was involved in the flow of interstate commerce by, *inter alia*, moving patients to care facilities where they would often then be transferred out-of-state, and by processing out-of-state financial transactions. **BRYANT** performed work primarily in Hendry County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **BRYANT** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3.   The Defendant, **TAXI PRONTO, INC.** ("**TAXI**") is a Florida corporation and Defendant **A RIDE2CARE, LLC** ("**RIDE**") are one in the same company and are a covered enterprise under the FLSA (29 U.S.C. §203(d), (r) and (s)). **RIDE** has a principal place of business in Hendry County, Florida. **TAXI** and **RIDE** share common ownership – Defendant **HOLLIGAN** – and both provide non-emergency medical transport, even using the same fleet of vehicles to do so. Employees of one are considered to be employees of the other. **TAXI** and **RIDE** have gross annual sales well in excess of $500,000.00 per year and are engaged in interstate commerce. Their employees, including **BRYANT**, are engaged in interstate commerce as they work on or otherwise handle patients that are moving in interstate commerce, in addition to them working on the expansion of facilities of commerce. **TAXI** and **RIDE** – through **HOLLIGAN** – both have the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **BRYANT**. **TAXI**, **RIDE** and **HOLLIGAN** supervised and controlled **BRYANT**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **BRYANT**. All Defendants maintains employment records of **BRYANT**. All Defendants were the employer of **BRYANT**.

2

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5.      This Court has supplemental jurisdiction over **BRYANT**'s state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Hendry County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Hendry County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.      **BRYANT** began his employment with the Defendants in January 2019 and was a driver of a vehicle less than 10,000 pounds.

8.      **BRYANT** performed his assigned duties in a professional manner and was very well qualified for his position.

### Violations of the FLSA

9.      **BRYANT** was paid at an hourly rate and was thus non-exempt.

10.     **BRYANT**'s regular daily duties often began as early as 2:00 A.M. and could, and would, often end as late as 10:00 P.M., and also included working some weekends.

11.     The Defendant demanded that **BRYANT** be available between those hours and **BRYANT** did work for the Defendants during that time.

12.     **BRYANT** was required by the Defendants to work at least 65-80 hours per week and often more, for almost each week of his employment (except during scheduled vacations), but the Defendant failed to pay **BRYANT** overtime wages at time and a half.

13.     **BRYANT** was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work off-the-clock in violation of the FLSA because **BRYANT** performed work for the benefit of the Defendant for which he was not compensated. To the extent that such work is performed during a work week in which **BRYANT** has, or would have, worked in excess of forty (40) hours per week, such practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times **BRYANT**'s regular hourly wage rate.

14.     The Defendants failed to act in good faith under the reasonable belief it had complied with the FLSA.

15.     **BRYANT** is entitled to liquidated damages because the Defendant acted willfully or with at least a reckless disregard as to the legality of its pay practices in regard to **BRYANT**.

**<u>Retaliation in Violation of the FWA</u>**

16.     In the weeks preceding his termination, **BRYANT** became increasingly aware of the Defendant's violations of federal and state law, and refused to participate in them.

17.     Specifically, the Defendant was requiring its drivers, including **BRYANT**, to drive vehicles that were grossly unsafe, which is a violation of OSHA General Duty clause. Additionally, the Defendant was utilizing non-credentialed drivers, in violation of state law.

18.     The Defendant also has a practice of insurance fraud by failing to report to its insurance carriers accidents that its vehicles are involved in, then misrepresents that no accidents occurred, in order to avoid paying higher insurance premiums.

19.     Finally, the Defendant permitted gross sexual harassment to occur.

20.     **BRYANT** brought each of these items to the Defendants attention in writing and objected to/refused to participate in the illegal practices.

21.     The Defendant terminated **BRYANT** just days after he engaged in the statutorily protected conduct described above and stated he would not participate in it.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

22.     The Plaintiff hereby incorporate Paragraphs 1-15 in this Count as though fully set forth herein.

23.     **BRYANT** was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendants.

24.     The Defendants were required by the FLSA to pay **BRYANT** at least time and one-half for all hours worked by **BRYANT** in excess of 40 hours per week.

25.     The Defendants had operational control over all aspects of **BRYANT**'s day-to-day functions during his employment, including compensation.

26.     The Defendants were **BRYANT**'s "employer" and are liable for violations of the FLSA in this case.

27.     The Defendants violated the FLSA by failing to pay **BRYANT** at least time and one-half for all hours worked over 40 per week.

28.     The Defendants have willfully violated the FLSA in refusing to pay **BRYANT** proper overtime for all hours worked over 40 per week.

29.     As a result of the foregoing, **BRYANT** has suffered damages of lost wages.

30.     The Defendants are the proximate cause of **BRYANT**'s damages.

5

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT – TAXI & RIDE

31.     Plaintiff incorporates by reference Paragraphs 1-8 and 16-21 of this Complaint as though fully set forth below.

32.     **BRYANT** was an employee of Defendants **TAXI** and **RIDE**, which are private companies.

33.     At all material times, **BRYANT** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

34.     **BRYANT** did engage in statutorily protected activity by objection to the Defendants' illegal practices and by his refusal to participate in them.

35.     Immediately after engaging in statutorily protected activity, **BRYANT** suffered negative employment action, his termination, which is a direct result of his statutorily protected activity.

36.     **BRYANT**'s termination and his engaging in statutorily protected activity are causally related.

37.     The Defendants knew that **BRYANT** was engaged in protected conduct as referenced herein.

38.     The Defendants discharged, terminated, demoted, suspended, threatened, disciplined and harassed **BRYANT** from his employment and after his employment, and otherwise retaliated against him because of his protected conduct.

39.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **BRYANT** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

40.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **BRYANT** is entitled to all relief necessary to make him whole.

41.     The Defendants' negative employment actions against **BRYANT** continued until his termination and this count is timely filed.

**WHEREFORE,** Plaintiff demands damages against Defendants for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JACK BRYANT**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May  29, 2020          **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com