**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| JACK BRYANT, an individual ) <br> ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TAXI PRONTO, INC. a Florida corporation, A ) <br> RIDE2CARE, LLC, a Florida limited liability ) <br> Company, and ROMEO HOLLIGAN, an ) <br> ) <br>     Defendants. ) | Civil Action No.: 2:20-cv-394 |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Taxi Pronto, Inc., A Ride2Care, LLC and Romeo Holligan, by and through the undersigned counsel, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial and states as follows:

1. Defendants only admit the complaint filed by plaintiff asserts claims for unpaid wages under the FLSA and violation of Florida's Whistleblower Act.

2. Defendants admit that plaintiff is an individual and a resident of Florida. Defendants only admit that plaintiff was employed as a supervisor and a driver by Taxi Pronto and that he provided services in Hendry County, as well as Highlands and Okeechobee Counties, Florida. Defendants admit that plaintiff's duties included customer service, transporting non-emergency medical patients that were residents of Florida. Defendants deny transporting out-of-state residents, and deny that plaintiff "was involved in the flow of interstate commerce by, inter alia, moving patients to care facilities where they would often then be transferred out-of-state." Defendants admit that venue is proper in this District and deny all the remaining allegations in this paragraph.

3. Defendants admit that Taxi Pronto, Inc. is a Florida corporation, and A Ride2care, LLC is

a separate company that are both owned by Defendant Holligan. Defendants admit that Taxi Pronto and A Ride2Care provide medical transport services. Defendants deny the remaining allegations in paragraph 3.

4. Admit only that the Court has personal and subject matter jurisdiction under the FLSA.

5. Admit.

6. Admit only that the venue is proper in this District.

7. Defendants only admit that plaintiff was an employee of Taxi Pronto and was a driver of a vehicle less than 10,000 pounds and deny the remaining allegations in this paragraph.

8. Denied.

9. Defendants only admit that plaintiff was paid a salary during the time period he held a supervisory position. When plaintiff no longer held a supervisory position, he was paid hourly rate during the remainder of his employment. Defendants deny the remaining allegations of this paragraph.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied. In further response, plaintiff quit his job.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied. In further response, plaintiff was not terminated but quit his job.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

22. Defendants restate their answers to the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT II – VIOLATION OF THE FLORIDA WHISTLEBLOWERERS ACT – RETALIATION**

31. Defendants restate their answers to the allegations in paragraphs 1 through 8 and 16 through 21 above as if fully set forth herein.

32. Denied.  In further response, plaintiff was only an employee of Taxi Pronto.

33. Denied.

34. Denied.

35. Denied.  In further response, plaintiff was not terminated but quit his job.

36. Denied.  In further response, plaintiff was not terminated but quit his job.

37. Denied.

38. Denied.  In further response, plaintiff was not terminated but quit his job.

39. Denied.

40. Denied.

41. Denied.  In further response, plaintiff was not terminated but quit his job.

WHEREFORE, Defendants respectfully request that the Court enter an order denying the relief requested in Plaintiff's Complaint and award Defendants' attorneys' fees and costs and any other remedy fair and just in this proceeding.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's FLSA claim fails, in whole or in part, because Defendants are engaged in the business of operating taxicabs and therefore exempt from the FLSA under the taxicab exemption. See 29 U.S.C. § 213(b)(17).

2. Plaintiff's FLSA claim fails, in whole or in part, because Defendants are not an "enterprise" engaged in interstate commerce when they only provide medical transportation services to Florida residents in Hendry, Highlands, and Okeechobee counties, Florida and when Defendants are solely compensation for such services by the State of Florida and not the passenger of the services.

3. Defendants are not joint employers under the FLSA pursuant to 29 C.F.R. §§ 791.1 to 791.3.

4. Plaintiff's FLSA claim fails because Defendants reasonably believed that its conduct did not violate the FLSA and the complained of act or omission was in good faith in conformity with and in reliance on written Department of Labor regulation, ruling, or interpretation.

5. Plaintiff's claims are barred, in whole or in part, because plaintiff was properly compensated under the Fair Labor Standards Act (FLSA).

6. Plaintiff's claims are barred, in whole or in part, because the hours alleged were worked are not "hours worked" within the meaning of the FLSA.

7. Plaintiff's claims are barred, in whole or in part, because, at times material to the complaint, defendant did not willfully fail to comply with the FLSA, but acted in good faith and reasonably believed it was complying with the law.

8. Plaintiff's claims are barred, in whole or in part, because any uncompensated work time was de minimis and/or because any alleged damages are speculative.

9. In the event plaintiff is otherwise entitled to an award of damages against defendant for unpaid overtime (which plaintiff is not), certain aspects of Plaintiff's compensation must

be excluded from regular rate of pay calculation under 29 U.S.C. § 207(e).

10. Plaintiff's claims are barred to the extent defendant did not have actual or constructive knowledge of any such hours allegedly worked.

11. In the event plaintiff is otherwise entitled to an award of damages against defendant (which they are not), plaintiff is not entitled to prejudgment interest.

12. Plaintiff's Whistleblower claim fails because he will be unable to show any causal link between an adverse employment action and any allegations under the Florida Whistleblower Act.

13. Plaintiff's Whistleblower claim fails because he fails to allege that he objected to an "actual violation" of law, rule, or regulation.

Defendants reserves the right to raise additional affirmative defenses as discovery progresses and as the interests of justice require.

## **DEMAND FOR ATTORNEYS FEES**

Defendants have retained the Law Offices of Crary Buchanan, P.A. to represent their interest in this action and have agreed to pay said firm a reasonable fee for legal services rendered. Defendants are entitled to an award of attorneys' fees and costs against Plaintiff, individually, under Fla. Stat. § 448.104 (2019).

Dated: July 10, 2020.                                Respectfully submitted,

                                                                                                   */s/ W. Scott Turnbull*
                                                              W. Scott Turnbull, Esq.
                                                              Florida Bar Number #0038626
                                                              Crary Buchanan, P.A.
                                                              759 SW Federal Hwy, Suite 106
                                                              Stuart, FL 34994-2936
                                                              P: (772) 287-2600/ F: (772) 223-4373
                                                              e-Service: turnbull@crarycuchanan.com
                                                              e-Service: kali@crarybuchanan.com
                                                              Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undersigned electronically filed the foregoing document with the Clerk of this Court using CM/ECF and that a true and correct copy of the foregoing has been sent via email to the following individual on this the 10th day of July, 2020:

Benjamin H. Yormak
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, FL 34135
byormak@yormaklaw.com
Attorney for Plaintiff

                                                                                        /s/ W. Scott Turnbull
W. Scott Turnbull, Esq.
Florida Bar Number #0038626
Crary Buchanan, P.A.
759 SW Federal Hwy, Suite 106
Stuart, FL 34994-2936
P: (772) 287-2600/ F: (772) 223-4373
e-Service: turnbull@crarycuchanan.com
e-Service: kali@crarybuchanan.com
Counsel for Defendants